IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHARLES ISELEY,
    Petitioner

v.

SUPT of SCI SOMERSET, et al.,
    Respondents.

CIVIL ACTION NO. 09-CV-312

FILED FEB 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

Petitioner filed a petition for *habeas corpus* relief pursuant to 2 8 U.S.C. § 2241 on January 22, 2009. Therein Petitioner claims that his continued detention in state custody violates the United States Constitution. Specifically, Petitioner states that he was convicted and sentenced for several offenses. He claims, inter alia, that the sentences have expired and that he should be released from custody.

This Court does not have jurisdiction to review the instant petition because § 2241 is not an alternative to 28 U.S.C. § 2254. *See Felker v. Turpin*, 518 U.S. 651, 662, 116 S.Ct. 2333, 2339 (1996) ("authority to grant habeas corpus relief to state prisoners is limited by 28 U.S.C. § 2254, which specifies the conditions under which such relief may be granted to a person in custody pursuant to the judgment of a state court"); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001) ("Congress has attached restrictions to Section 2254 proceedings that should not be circumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241"). In *Coady* the Court of Appeals for the Third Circuit determined that:

> [W]ith respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). (footnote omitted). Allowing Coady to file the instant petition in federal court pursuant to Section 2241 without reliance on Section

1

2254 would circumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

Accordingly, Petitioner herein must rely on § 2254 to challenge his detention. Therefore, the Court will dismiss the instant petition for lack of subject matter jurisdiction.[1]

**AND NOW**, this 24 day of February 2009, **IT IS HEREBY ORDERED** that:

1. Petitioner's "Pro Se Emergency Petition for Writ of Habeas Corpus Under 28 U.S.C.A. § 2241(c)(3)" is **DISMISSED** for lack of subject matter jurisdiction; and

2. The Clerk of Court shall close this action.

EDUARDO C. ROBRENO, J.

---

[1] Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive petition for a writ of *habeas corpus* without first seeking and receiving approval from a Court of Appeals. Absent such authorization, the District Court is not permitted to consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

Petitioner filed a petition for *habeas corpus* relief in civil action numbers 04-CV-3565 and 04-CV-4105. Those petitions were consolidated. The claims raised in those petitions attacked the same sentence(s) as is attacked in the instant petition. The consolidated action was disposed of after a merits determination on August 11, 2005. The Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability on February 1, 2006. Petitioner has not sought an order from the Court of Appeals for the Third Circuit allowing this Court to consider a second or successive petition for habeas corpus relief. Therefore, this Court does not have subject matter jurisdiction over the instant petition. *Robinson*, 313 F.3d at 140.